

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| PSARA ENERGY, LTD. : | |
| : | |
| Plaintiff : | |
| : | No. 1:18-cv-00178 |
| SPACE SHIPPING, LTD.; GEDEN HOLDINGS : | |
| LTD.; ADVANTAGE ARROW SHIPPING, : | |
| LLC; GENEL DENIZCILIK NAKLIYATI A.S. : | |
| A/K/A GEDEN LINES; ADVANTAGE : | |
| TANKERS, LLC; ADVANTAGE HOLDINGS, : | ADMIRALTY |
| LLC; FORWARD HOLDINGS, LLC; : | |
| MEHMET EMIN KARAMEHMET; : | |
| GULSUN NAZLI KARAMEHMET - : | |
| WILLIAMS; and TUĞRUL TOKGÖZ : | |
| : | |
| Defendants : | |

### ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

Having reviewed and considered the Motion for Issuance of Process of Maritime Attachment and Garnishment of Plaintiff PSARA ENERGY LTD., and Plaintiff's Original Verified Complaint, together with the Affidavit of George A. Gaitas, and finding that the conditions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure appear to exist. Accordingly, it is hereby:

**ORDERED**, that the Clerk of the Court shall issue forthwith Process of Maritime Attachment and Garnishment pursuant to Rule B directing the United States Marshal for the Eastern District of Texas to attach any tangible or intangible personal property including but not limited to: the M/T ADVANTAGE ARROW, belonging to Defendants, SPACE SHIPPING LTD.; GEDEN HOLDINGS, LTD.; ADVANTAGE ARROW SHIPPING, LLC; GENEL DENIZCILIK NAKLIYATI A.S. A/K/A GEDEN LINES; ADVANTAGE TANKERS, LLC; ADVANTAGE

HOLDINGS, LLC; FORWARD HOLDINGS, LLC; MEHMET EMIN KARAMEHMET; GULSUN NAZLI KARAMEHMET WILLIAMS; TUGRUL TOKGOZ within the Eastern District of Texas; and

> **ORDERED**, that the United States Marshal for the Eastern District of Texas shall:
>
> A. Seize and attach the M/T ADVANTAGE ARROW, IMO #: 9419448 and Call Sign: V7KZ7;
>
> B. Serve a copy of the verified complaint, a copy of this Order, and a copy of the Process of Maritime Attachment and Garnishment on the person in possession of the vessel or his agent; and

**ORDERED**, that the United States Marshal is authorized to allow normal cargo operations, both discharging and loading, repair works, and/or to shift berths (consistent with the U.S. Marshal's requirements), always remaining within this judicial district, but at the risk and expense of the Vessel's interests. Any cargo on the Vessel is not to be seized, and it is further

**ORDERED**, that the United States Marshal is released of all liability and to be held harmless for any and all claims or causes of action arising out of the seizure and attachment of the Vessel and/or the care, custody, and control of the Vessel henceforth, including if and when the Vessel is tendered to any Substituted Custodian; and it is further

**ORDERED**, that pursuant to Supplemental Rule E(5)(a), the Court fixes the principal amount of the bond to obtain the release of the Vessel M/T ADVANTAGE ARROW in the amount of **USD 19,860,063.80**, same sufficient to cover the amount of Plaintiff's claim fairly stated as permitted by Rule E(5); and it is further

**ORDERED**, that the M/T ADVANTAGE ARROW may be released from seizure without the necessity of further orders of this Court, provided that: (a) the U.S. Marshal or Court appointed substitute custodian receives written authorization to do so from the attorney who requested the attachment and garnishment, stating that he has conferred with all attorneys representing parties to the litigation, including attorneys for any intervenors, and they consent to the request for the release; (b) the attorney files the consent; and (c) the Court has not entered any subsequent orders modifying this arrangement for the release of the property which was attached pursuant to this Order; and it is further

**ORDERED**, that the Clerk of the Court shall issue further, supplementary writs of maritime attachment and garnishment, on request of the Plaintiff and without further Order of this Court; and it is further

**ORDERED**, that any person claiming an interest in the property attached or garnished pursuant to this Order, specifically the M/T ADVANTAGE ARROW, shall, upon application to the Court, be entitled to a prompt hearing in which Plaintiff shall be required to show why the attachment or garnishment should not be vacated or other relief granted.

SIGNED this 20th day of April, 2018.

_____
Zack Hawthorn
United States Magistrate Judge