**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **PSARA ENERGY, LTD.** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | No. 1:18-cv-00178 |
| **SPACE SHIPPING, LTD.; GEDEN HOLDINGS** | : | |
| **LTD.; ADVANTAGE ARROW SHIPPING,** | : | |
| **LLC; GENEL DENIZCILIK NAKLIYATI A.S.** | : | |
| **A/K/A GEDEN LINES; ADVANTAGE** | : | |
| **TANKERS, LLC; ADVANTAGE HOLDINGS,** | : | **ADMIRALTY** |
| **LLC; FORWARD HOLDINGS, LLC;** | : | |
| **MEHMET EMIN KARAMEHMET;** | : | |
| **GULSUN NAZLI KARAMEHMET -** | : | |
| **WILLIAMS; and TUĞRUL TOKGÖZ** | : | |
| | : | |
| **Defendants** | : | |

**PLAINTIFF'S RESPONSE TO ADVANTAGE DEFENDANTS' NOTICE
OF FAILURE TO AGREE ON SUBSTITUTE SECURITY**

Plaintiff, PSARA ENERGY, LTD ("PSARA" or "Plaintiff"), by and through undersigned counsel, submits this Response to Advantage Defendants' Notice of Failure to Agree on Substitute Security (Doc. 14), which was filed with the Court on May 1, 2018.

On April 30, 2018, Plaintiff and Defendants Advantage Arrow Shipping, LLC, Advantage Tankers, LLC, Advantage Holdings, LLC, and Forward Holdings, LLC (collectively, the "Advantage Defendants") were before this honorable Court on Advantage Defendants' "Motion to Vacate or, Alternatively, Reduction in Security." The Court directed the parties to reach an agreement on an amount of substitute security by Friday May 4, 2018 at noon. This deadline was agreed to by the parties to give counsel ample time to correspond with their respective clients located across the globe. However, while undersigned counsel believed negotiations were to be ongoing, Advantage Defendants unilaterally and abruptly discontinued the negotiations and,

1

unbeknownst to Plaintiff, filed a notice informing the Court that the parties are unable to reach an agreement "[d]ue to an apparent fundamental disagreement regarding how the amount of security should be calculated." *See* Doc. 14, p.2.

Counsel for Plaintiff notes that the Advantage Defendants did not attempt to negotiate in good faith. In the spirit of compromise, Plaintiff agreed to a reduction of USD 3,000,000 of the USD 19,000,000 it seeks as security for its claim currently pending in London maritime arbitration, even though Plaintiff has fairly stated its claim and believes it is entitled to USD 19,000,000 in security. However, the Advantage Defendants offered Plaintiff no more than the figure they stated in their "Motion to Vacate or, Alternatively, the Reduction of Security" (Doc. 7), *i.e.* approximately USD 2,400,000, before unilaterally deciding to withdraw from negotiations without giving any notice to Plaintiff.

The Advantage Defendants attempt to represent to this Court that there is a fundamental disagreement regarding how the amount of security should be calculated. This is not the case. The Advantage Defendants are basing their figures on a deflated valuation and inflated scrap value of the CV STEALTH that does not account for significant towage fees that Plaintiff will incur to scrap the vessel, which is disabled and incapable of sailing under her own power.

In an effort to find a workable way to deal with the issue of the substitute security amount in the present circumstances, Plaintiff has sought the guidance of the sparse decided cases that have dealt with this very issue.

*Legal Framework for Court-Ordered Substitute Security Amount*

Taking its clue from the court decisions at hand, Plaintiff notes that in *Angad v. M/V FAREAST TRADER*, 1989 AMC 2721 (S.D. Tex. 1989) the District Court remarked that "Rule E(5)(a) of the Supplemental Rules of Certain Admiralty and Maritime Claims provides that, in the

2

event the parties cannot agree upon a bond, it shall be fixed 'at an amount sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs; but the principal sum should in no event exceed (i) twice the amount of the plaintiff's claim or (ii) the value of the property on due appraisement, whichever is smaller. The bond or stipulation shall be conditioned for the payment of the principal sum and interest thereon at 6 percent per annum.'" In *Angad,* the court relied not only on an appraisal of the vessel but also on affidavits "showing that the present amount of plaintiffs' claim, fairly stated…". *Id.*; *see also Billfish Marina One, Inc. v. M/Y Hideaway*, 2017 U.S. Dist. LEXIS 150592 (S.D.FL. 2017), at * 4-5; *20th Century Fox Film Corp. v. M.V. Ship Agencies*, 992 F. Supp. 1429, 1430 (M.D. Fla. 1997).

Accordingly, Plaintiff, in order to provide evidence of the quantum of its claim fairly stated, has requested, and is putting forth, the declaration of its solicitor Mr. Jeremy Biggs who is dealing with the claim in the London arbitration against Space Shipping, Ltd. In this regard, it should be noted that Space Shipping has been served with Plaintiff's claim in London maritime arbitration some twenty-nine (29) days ago and has failed to make any response. Only recently, it has requested an additional fourteen (14) days in order to respond. It is clear from the declaration of Mr. Biggs that the claim for which Plaintiff has submitted a proper valuation by a competent vessel sale and purchase broker is USD 18,000,000, which represents the repaired value of the vessel. This amount may be reduced by subtracting from it the scrap price of the vessel, which Mr. Biggs in his declaration states is the approximate amount of USD 3,600,000. This scrap value calculation includes towage fees, which will be incurred by Plaintiff in order to actually be able to scrap the vessel.

Accordingly, Owners' claim for the hull and machinery damage to the CV STEALTH fairly stated is USD 14,400,000. Adding to this figure the amount of unpaid charter hire, which

3

Advantage Defendants do not dispute is currently due and owing, *i.e.* USD 510,208.33, and the estimated amount of interest, and costs - which include lawyers' fees totaling approximately USD 1,000,000 - Plaintiff's claim fairly stated is USD 15,910,208.30 at the very least. It should be noted that the foregoing figure is calculated on the same formula that the Advantage Defendants employ, however it is based on the true valuation of the CV STEALTH, also taking into account the true scrap value of the vessel given the present circumstances.

In setting the amount of the bond, courts are "...mindful that any ultimate recovery against the res itself is limited to the amount of the bond; therefore it is prudent to err on the high side." *20th Century Fox Film Corp. v. M.V. Ship Agencies*, 992 F. Supp. 1429, 1434 (M.D. Fla. 1997); *Billfish Marina One, Inc. v. M/Y Hideaway*, 2017 U.S. Dist. LEXIS 150592 (S.D.FL. 2017), at * 5. It is respectfully submitted that this honorable Court, at its discretion, is always able to reduce the substitute security amount at a later date, but will be unable to increase the substitute security amount once the ADVANTAGE ARROW leaves the jurisdiction. Therefore, Plaintiff respectfully requests this honorable Court set the substitute security amount at USD 16,000,000.

## CONCLUSION

**WHEREFORE**, Plaintiff PSARA ENERGY, LTD., prays that this Honorable Court should set the bond against which the ADVANTAGE ARROW may be released, in the form of a special bond with a corporate surety, in the amount of USD 16,000,000.00.

    Respectfully submitted,

By:   GAITAS, KENNEDY & CHALOS, P.C.

/s/George A. Gaitas
George A. Gaitas
State Bar No. 24058885
Federal Bar No. 705176
Jonathan M. Chalos
State Bar No. 24097482
Federal Bar No. 3008683

4

                6250 Westpark Dr.
                Suite 222
                Houston, Texas 77057
                Telephone: 281-501-1800
                Fax: 832-962-8178
                E-mail: gaitas@gkclaw.com
                     chalos@gkclaw.com

*Attorneys for Plaintiff*
Psara Energy, Ltd.

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 2, 2018, I electronically filed the foregoing Response with the Clerk of the Court using the cm/ECF system, which will send notification of such filing to all attorneys of record at their email addresses on file with the Court.

                /s/George A. Gaitas
                George A. Gaitas