# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| **PSARA ENERGY, LTD.** § | |
| § | |
| v. § | |
| § | C.A. NO. 1:18-CV-00178 |
| **SPACE SHIPPING, LTD.;** § | |
| **GEDEN HOLDINGS LTD.;** § | **ADMIRALTY** |
| **ADVANTAGE ARROW** § | |
| **SHIPPING, LLC; GENEL** § | |
| **DENIZCILIK NAKLIYATI A.S.** § | |
| **A/K/A GEDEN LINES;** § | |
| **ADVANTAGE TANKERS, LLC;** § | |
| **ADVANTAGE HOLDINGS, LLC;** § | |
| **FORWARD HOLDINGS, LLC;** § | |
| **MEHMET EMIN** § | |
| **KARAMEHMET; GULSUN** § | |
| **NAZLI KARAMEHMET-** § | |
| **WILLIAMS; and TUGRUL** § | |
| **TOKGÖZ** § | |

## ADVANTAGE DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO NOTICE OF FAILURE TO AGREE ON SUBSTITUTE SECURITY

Defendants Advantage Arrow Shipping, LLC, Advantage Tankers, LLC, Advantage Holdings, LLC, and Forward Holdings, LLC (collectively, the "Advantage Defendants"), making their appearance specially and not generally and pursuant to Federal Rule of Civil Procedure Supplemental Rule for Admiralty or Maritime Claims E(8), and expressly reserving all defenses, particularly as to jurisdiction, subject matter jurisdiction, and venue, file this Reply to Plaintiff's Response to Defendants' Notice of Failure to Agree on Substitute Security.

The Advantage Defendants negotiated with Plaintiff in good faith and made an offer to provide security in a quantum that was supported by citation to evidence, and even provided to Plaintiff the calculations upon which the offer was predicated. *See* Email correspondence dated May 1, 2018, attached as Exhibit 1. When Plaintiff countered with an opaque and arbitrary figure unsupported by any calculation, reasoning, or credible evidence[1], it became apparent that the Parties would not be able to reach agreement. Because of the severe financial stress being imposed upon the Advantage Defendants through the detention of the ADVANTAGE ARROW, simply waiting until May 4 to advise the Court of that fact would have been worse than a futility. Not only is the vessel not earning hire while under attachment, she is at risk of losing the long-term time charter she is currently under, which would result in a grave financial burden for her owner. Further, the vessel continues to incur fees for dockage while in custody. To date, those fees total almost $100,000 and are increasing daily. *See* Port of Port Arthur invoice, attached as Exhibit 2. Although the Advantage Defendants contend these fees are for the Plaintiff's account (and seek a ruling from the Court in due course on this issue), Plaintiff has

---

[1] None of the shortcomings with the Cass Technava report highlighted at the hearing (e.g., absence of CV's/qualifications of signatories or company resume, and a figure of $18 million that endorsed the pleaded figure, rather than the other way round, but which was wholly at odds with the C.W. Kellock figures for which full resumes were provided, and the absence of any scrap value) were addressed in the Plaintiff's email.

advised it has no intention of paying these costs of custody, which have accrued as a direct result of Plaintiff's attachment.

The Advantage Defendants filed their Notice (Doc. 14) with no argument or additional evidence included, because the Parties had adequately briefed and argued the issue to the Court. Plaintiff having belatedly chosen to submit new arguments and assertions to the Court in their Response (Doc. 15), the Advantage Defendants unfortunately feel compelled to address those new arguments and assertions. The Advantage Defendants respectfully submit that Plaintiff's shifting story cripples its credibility on the law and on the facts.

Plaintiff asserted in writing and orally to the Court that under English law, its claim for the repaired value of the CT STEALTH could not be subject to a set-off for the as-is value of the vessel. Although the Advantage Defendants cited the Court to English law to the contrary, Plaintiff insisted its position was correct, because an experienced and ethical London barrister had prepared the claim in arbitration. Plaintiff now admits its prior representation to this Court was wrong, its English counsel was incorrect, and its claim in arbitration is overstated.

Having admitted that a set-off for the as-is value of the vessel must be made, Plaintiff has not provided any evidence of that as-is value, aside from an unsupported assertion by its London counsel (who presumably was

involved in the mis-statement of English law that was previously presented to this Court as fact but who is now—apparently—being presented to the Court as an improbable expert in ship valuation).

Further, Plaintiff's assertion of the repaired value of the vessel, unsupported by any expert of proven ship valuation experience (let alone one of C.W. Kellock's vouched expertise), remains inadequate support for Plaintiff's claim for security. With no indication of the experience and expertise of Plaintiff's alleged experts, that evidence cannot come close to satisfying the standards of *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). As such, Plaintiff's only evidence of the repaired value of the vessel is really no evidence at all. The Advantage Defendants respectfully submit that if Plaintiff thought that the qualifications of those who prepared the valuation could withstand scrutiny, Plaintiff would have presented those qualifications to the Court before now.

The Advantage Defendants also find it troubling that Plaintiff made its claim for the repaired value of the vessel in the London arbitration in March, yet did not obtain an actual valuation until the end of April, after the Advantage Defendants had filed their motion to vacate. The chronology of events strongly suggests Plaintiff pleaded an inflated value for the vessel,

and then went and found someone who would give them a piece of paper to support that inflated claim.

Surprising also is Plaintiff's increase in its demand for security for attorneys' fees. On April 20, 2018, Plaintiff requested security for $400,000 in attorneys' fees. The Advantage Defendants believed that portion of Plaintiff's claim to be similarly overstated. But on May 2, faced with the likelihood that the required quantum of security is going to be reduced, Plaintiff—without explanation or reason—has increased that claim to $1,000,000. The Advantage Defendants respectfully submit that it is obvious what Plaintiff is up to.

The Advantage Defendants rest on the evidence regarding the proper quantum of security that they have already provided to the Court, and pray that the Court at its earliest convenience will issue an order setting the amount of substitute security necessary to cover "the present amount of [P]laintiff's claim, **fairly stated**." *See* Doc. 15 at 3.

        Respectfully submitted,

        */s/ Marc G. Matthews*
        Marc G. Matthews
        Texas Bar #24055921
        Federal ID No. 705809
        500 Dallas Street, Suite 1300
        Houston, Texas 77002
        Telephone: (713) 626-1386
        Telecopier: (713) 626-1388
        marc.matthews@phelps.com

        **ATTORNEY-IN-CHARGE**
        **FOR DEFENDANTS ADVANTAGE**
        **ARROW SHIPPING, LLC;**
        **ADVANTAGE TANKERS, LLC;**
        **ADVANTAGE HOLDINGS, LLC; AND**
        **FORWARD HOLDINGS, LLC**

OF COUNSEL:
**Phelps Dunbar LLP**
Brian D. Wallace (LA Bar #17191; Fed. ID 205890)
wallaceb@phelps.com

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing was electronically filed with the Clerk, with a copy served electronically by the Clerk or by the undersigned on this the 2nd day of May, 2018 upon all counsel of record.

        */s/ Marc G. Matthews*
        Marc G. Matthews