IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PSARA ENERGY, LTD. | § | |
| | § | |
| v. | § | |
| | § | C.A. NO. 1:18-CV-00178-MAC |
| SPACE SHIPPING, LTD.; | § | |
| GEDEN HOLDINGS LTD.; | § | ADMIRALTY |
| ADVANTAGE ARROW | § | |
| SHIPPING, LLC; GENEL | § | |
| DENIZCILIK NAKLIYATI A.S. | § | |
| A/K/A GEDEN LINES; | § | |
| ADVANTAGE TANKERS, LLC; | § | |
| ADVANTAGE HOLDINGS, LLC; | § | |
| FORWARD HOLDINGS, LLC; | § | |
| MEHMET EMIN | § | |
| KARAMEHMET; GULSUN | § | |
| NAZLI KARAMEHMET- | § | |
| WILLIAMS; and TUGRUL | § | |
| TOKGÖZ | § | |

EMERGENCY OPPOSED
MOTION FOR APPROVAL OF BOND

Defendants Advantage Arrow Shipping, LLC, Advantage Tankers, LLC,

Advantage Holdings, LLC, and Forward Holdings, LLC (collectively, the

"Advantage Defendants"), making their appearance specially and not

generally and pursuant to Federal Rule of Civil Procedure Supplemental Rule

for Admiralty or Maritime Claims E(8), and expressly reserving all defenses,

particularly as to jurisdiction, subject matter jurisdiction, and venue, file this

Emergency Motion for Approval of Bond.

1

On May 4, 2018, this Honorable Court issued an order providing "that upon the posting of $4,000,000 in cash security into the registry of the Court as substitute security, the attachment of the M/T ADVANTAGE ARROW shall then be released." Doc. 18. Although substitute security in the maritime attachment context is frequently (if not usually) deposited in the registry of a court in the form of a surety bond, the Advantage Defendants are mindful of the fact that the Court's order expressly calls for substitute security in the form of cash. The Advantage Defendants therefore respectfully request that the Court approve the posting of a bond in substantially the form attached as Exhibit A, in lieu of cash security.

Rule E of the Supplemental Rules for Certain Admiralty or Maritime Claims provides:

> *Special Bond.* Whenever process of maritime attachment and garnishment or process in rem is issued the execution of such process shall be stayed, or the property released, on the giving of security, to be approved by the court or clerk, or by stipulation of the parties, conditioned to answer the judgment of the court or of any appellate court. The parties may stipulate the amount and nature of such security. In the event of the inability or refusal of the parties so to stipulate **the court shall fix the principal sum of the bond** or stipulation at an amount sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs . . . The bond or stipulation shall be conditioned for the payment of the principal sum and interest thereon at 6 per cent per annum.

PD.23719580.1

Rule E(5)(a).

Guidance on what discretion a court has in approving a bond as substitute security is scant and inconsistent, but the plain language of Rule E(5)(a) makes clear that an adequate bond, rather than cash, may stand in for the *res* of the attached property itself.

"The [U.S. Supreme Court] has indicated that attachment and garnishment procedures should provide a defendant with the opportunity to obtain release of properly attached or garnished property, upon the posting of an adequate bond . . . Supplemental Rule E(5) provides for such a release upon the posting of a bond by the defendant." *Polar Shipping Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627, 641 (9th Cir. 1982) (citing *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. at 612 (1975) (Powell, J., concurring); *Mitchell v. W.T. Grant Co.*, 416 U.S. at 607, (1974)).

Although courts within this Circuit have held that a court has discretion in determining the adequacy of a bond, the body of federal law regarding the amount of discretion a court has in approving a bond as substitute security is decidedly mixed. *Compare Luhr Bros. Inc. v. Gagnard*, 765 F.Supp. 1264, 1268 n.4 (W.D. La. 1991) and *Karim v. Finch Shipping Co.*, 1998 WL 713396 (E.D. La. Oct. 6, 1998) *with Worldwide Carriers Ltd. v. Aris Steamship Co. Ltd.*, 290 F.Supp. 860, 863 (S.D.N.Y. 1968) (". . . the difficult question of the amount of the bond apparently was the basis for requiring court approval. Even if the

Court were not compelled, as a matter of law, to substitute a bond for the attached property and the issue were entirely one of judicial discretion, the Court would conclude, as it does, that the bond should be accepted and the attachment discharged.") and 2 Am. Jur. 2d *Admiralty* § 156 (courts have discretion to approve the amount of the bond, but not whether to release the property).

The Advantage Defendants respectfully submit that Aspen American Insurance Company, as surety for the proposed bond, is a surety regularly recognized by the federal courts as a valid surety of good standing. Aspen American Insurance Company is among those sureties listed by the United States Department of the Treasury as "Certified Companies" approved to provide surety bonds. *See* United States Treasury Department list of Certified Companies, attached as Exhibit B.

Considering the foregoing, and the Court having already determined the appropriate amount of security for Plaintiff's claims, fairly stated, the Advantage Defendants respectfully request that the Court permit the posting of a bond in the amount of $4,000,000 and substantially in the form of the draft attached as Exhibit A as substitute security for Plaintiff's claim, in lieu of requiring a cash deposit into the registry of the Court.

4

Respectfully submitted,

*/s/ Marc G. Matthews*

Marc G. Matthews
Texas Bar #24055921
Federal ID No. 705809
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388
marc.matthews@phelps.com

**ATTORNEY-IN-CHARGE
FOR DEFENDANTS ADVANTAGE
ARROW SHIPPING, LLC;
ADVANTAGE TANKERS, LLC;
ADVANTAGE HOLDINGS, LLC; AND
FORWARD HOLDINGS, LLC**

OF COUNSEL:
**Phelps Dunbar LLP**
Brian D. Wallace (LA Bar #17191; Fed. ID 205890)
wallaceb@phelps.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was electronically filed with the Clerk, with a copy served electronically by the Clerk or by the undersigned on this the 10th day of May, 2018 upon all counsel of record.

*/s/ Marc G. Matthews*

Marc G. Matthews

5

## **CERTIFICATE OF CONFERENCE**

I certify that I have complied with the meet-and-confer requirement of Local Rule CV-7(h). On May 10, 2018, I conferred with opposing counsel George Gaitas via telephone regarding the relief sought by this motion. He advised the Plaintiff is not opposed in principle to a bond in the principal amount of $4,000,000 as substitute security, but has some reservations regarding the specific wording of the bond in its current form. The parties may therefore ultimately be able to agree on an acceptable bond, but because time is of the essence, the Advantage Defendants respectfully submit this motion as opposed but on an emergency basis. The Advantage Defendants will immediately advise the Court if the parties come to an agreement on the form of the bond.

*/s/ Marc G. Matthews*
Marc G. Matthews

6