| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| PSARA ENERGY, LTD.,<br>    Plaintiff, | §<br>§<br>§ | |
| *versus* | § | CASE NO. 1:18-CV-00178-MAC |
| | § | |
| SPACE SHIPPING, LTD., ET AL.,<br>    Defendants. | §<br>§<br>§ | |

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION GRANTING THE ADVANTAGE DEFENDANTS' MOTION FOR REFERRAL TO ARBITRATION

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management. Doc. No. 9. Pending before the court is the Defendants', Advantage Arrow Shipping, LLC, Advantage Holdings, LLC, Advantage Tankers, LLC, and Forward Holdings, LLC (collectively the Advantage Defendants), "Motion for Referral to Arbitration." Doc. No. 29. On November 21, 2018, Judge Hawthorn entered a report (Doc. No. 37) recommending the court direct the parties to arbitrate their dispute in London, pursuant to the charter party and Section 206 of the Federal Arbitration Act (FAA), and retain jurisdiction only to enter a decree on any arbitral award, pursuant to Sections 8 and 207 of the FAA.

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by*

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Plaintiff Psara Energy, Ltd. (Psara) raises four objections to Judge Hawthorn's report, but these objections are largely a restatement of the arguments in Psara's response to the Advantage Defendants "Motion for Referral to Arbitration." *See* Doc. No. 30. However, the court will address Psara's argument that it is suing the Advantage Defendants, and its predecessor Geden Holdings, Ltd. (Geden), under the performance guarantee which, unlike the charter party, does not contain an arbitration clause. Doc. No. 38, at 5. As Magistrate Judge Hawthorn stated at the hearing on the pending motion, Psara waived this argument because it was not briefed in their response (Doc. No. 30) but was raised for the first time at the hearing. *See* Doc. Nos. 34, 39-1 at 26. *See e.g.*, *Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007) (stating that inadequately briefed issues are considered waived); *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 525–26 (5th Cir. 2005).

Even if Psara did not waive this argument, it is without merit. By its own terms, the performance guarantee "[is] just available" unless and until Psara presents a certified copy of the final arbitration award to Geden. Performance Guarantee, Doc. No. 1-1, at 31. Psara has not alleged nor provided any evidence in the record this has taken place. This particularly highlights the importance of staying these proceedings pending the ongoing arbitration. Notwithstanding the premature nature of such a suit, the parties also agreed in the performance guarantee that it is governed by and construed in accordance with the laws of England and consented to submit themselves to the non-exclusive jurisdiction of the English High Court. Doc. No. 1-1, at 32. Lastly, although not entirely clear, it appears that Psara is already involved in arbitration

proceedings against Geden,[1] who "is not a signatory to the bareboat charter party; it is a signatory to the performance guarantee." Doc. No. 38, at 5.

Accordingly, after considering Psara's objections, the court finds they are without merit and that Judge Hawthorn's findings and conclusions are correct.

It is, therefore, **ORDERED** that the report and recommendation of the magistrate judge (Doc. No. 37) is **ADOPTED**, the Advantage Defendants' "Motion for Referral to Arbitration" (Doc. No. 29) is **GRANTED**, and the parties are directed to arbitrate their dispute as outlined in the charter party.

It is further **ORDERED** that this case is administratively closed, but this court retains jurisdiction to enforce any arbitration award. *See* 9 U.S.C. §§ 8, 207. All other pending motions are denied as moot.

**Signed this date**
Jan 4, 2019

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1] "It is a theoretical question whether Plaintiff should have to arbitrate against the Advantage Defendants each one of the contractual claims *it is currently arbitrating against Space Shipping, Geden Holdings, et al., . . .*" Psara's Response, Doc. No. 30, at 10 n. 5. (emphasis added).