**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **PSARA ENERGY, LTD.** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **No. 1:18-cv-00178** |
| **SPACE SHIPPING, LTD.; GEDEN HOLDINGS:** | | |
| **LTD.; ADVANTAGE ARROW SHIPPING,** | : | |
| **LLC; GENEL DENIZCILIK NAKLIYATI A.S.** | : | |
| **A/K/A GEDEN LINES; ADVANTAGE** | : | |
| **TANKERS, LLC; ADVANTAGE HOLDINGS,** | : | **ADMIRALTY** |
| **LLC;  FORWARD HOLDINGS, LLC;** | : | |
| **MEHMET EMIN KARAMEHMET;** | : | |
| **GULSUN NAZLI  KARAMEHMET -** | : | |
| **WILLIAMS; and TUĞRUL TOKGÖZ** | : | |
| | : | |
| **Defendants** | : | |

## PLAINTIFF'S OPPOSED MOTION TO CONFIRM ARBITRATION AWARD

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff PSARA ENERGY,

LTD. (hereinafter "Plaintiff" or "Psara"), who respectfully moves this Court for an Order under 9

U.S. Code § 207, and pursuant to the Convention on the Recognition and Enforcement of Foreign

Arbitral Awards of June 10,1958,  21 U.S.T. 2517 ("New York Convention"),  confirming the

final arbitration award (the "Award") made in London Maritime Arbitration, and to

administratively reinstate this case on the docket and hold a status conference for the below

reasons:

### I.    History of the Proceedings and Procedural Status

1.    On April 20, 2018, Plaintiff filed its Verified Complaint under Supplemental

Admiralty Rule B and attached the M/T ADVANTAGE ARROW (the "Vessel") as security for

its maritime claims pending in London Arbitration. (Doc. 5).

1

2.      After the defendants were unsuccessful in vacating the attachment of the Vessel under Supplemental Rule E(4)(f), the Court issued its Order setting the amount of substitute security at $4,000,000. (Doc. 18).

3.      On July 24, 2018, the Eastern District of Louisiana transferred a Rule B attachment of the vessel ADVANTAGE START that was pending in the Eastern District of Louisiana to the Eastern District of Texas. The said vessel was released from attachment against substitute security in the amount of $800,000.  An Order consolidating the two cases was entered by the Court on July 30, 2018. (Doc. 32).

4.      On June 15, 2018, Advantage Arrow Shipping, LLC, Advantage Holdings, LLC, Advantage Tankers, LLC, and Forward Holdings, LLC (collectively the "Advantage Defendants") filed an Opposed Motion for Referral to Arbitration (Doc. 29) wherein the Advantage Defendants asked the Court to refer all of Plaintiff's substantive claims to London Arbitration, including the Supplemental Rule B issues.

5.      Plaintiff opposed the Advantage Defendants' Motion for Referral to Arbitration. (Doc. 30). Plaintiff argued, *inter alia,* that the attachment of the Vessel and specifically the issue of whether or not the transfer of the Vessel from the Geden Group to the Advantage Group is fraudulent, or the Advantage Defendants are liable as successor corporations, are matters that must be decided by an admiralty court of the United States under American principles of admiralty, not under English law in London Arbitration. *Id.*

6.      Nonetheless, on November 21, 2018, Magistrate Judge Hawthorn made a report (Doc. 37) recommending the Court direct the parties to London Arbitration to arbitrate their dispute and retain jurisdiction only to enter a decree on any arbitral award.

7.      On December 4, 2018, Plaintiff timely objected to Magistrate Judge Hawthorn's November 21, 2018 report. (Doc. 38). On January 4, 2019, Judge Crone overruled Plaintiff's objection to the report and recommendation and granted the Advantage Defendants' Motion for Referral to Arbitration. (Doc. 40). Specifically, Judge Crone adopted Magistrate Judge Hawthorn's report and recommendation (Doc. 37), granted the Advantage Defendants' Motion for Referral to Arbitration (Doc. 29), and administratively closed the case, but retained jurisdiction to enforce any arbitration award. (Doc. 40).

8.      Pursuant to this Court's Order (Doc. 40), this matter subsequently proceeded to arbitration before Arbitrator Mark Hamsher and Arbitrator George Tsimis in London. Mr. Hamsher and Mr. Tsimis appointed Mr. Luke Parsons QC as Third Arbitrator  (the three arbitrators hereinafter are collectively referred to as "the Tribunal").

9.      A copy of the document containing the arbitration agreement pursuant to which the Court ordered the parties to arbitrate is hereto attached to the declaration of attorney George A. Gaitas ("Gaitas Dec.") and filed in support of this motion as EXHIBIT 1.  The arbitration clause, which is contained in a bareboat charterparty dated February 23, 2010 in an amended BARECON 2001, is part of the standard printed terms thereof at Part II, ¶30.

10.     A copy of the final Original Award made by the Tribunal on November 22, 2019 is attached as EXHIBIT 2 to Gaitas Dec.

11.     A copy of the Tribunal's Original Reasons for the arbitration award, which constitute part of the Award, are attached as EXHIBIT 3 to Gaitas Dec.

12.     Following publication of the original award, undersigned, in reviewing same, found an error in ¶11 thereof and brought it to the attention of the Tribunal and the Advantage Defendants, and requested an amendment to same. This resulted in the issuance of a

3

Supplementary Award wherein the error detected, the request made to the Tribunal and the amendment to ¶11 of the original final award, and the correcting effect thereof, are set out in detail. The Supplementary Award provides that it should be read together with the Award dated 22 November 2019 and forms part of it.

13.     A copy of the final Supplementary Award made by the Tribunal is hereto attached as EXHIBIT 4 to Gaitas Dec.

14.     In the arbitration proceedings, the Advantage Defendants demanded that the Tribunal should decide choice of law as a preliminary matter and, for this purpose, held a hearing on October 4, 2019. The Tribunal heard arguments from the parties' respective counsel and considered the parties written submissions in the matter.  See, Gaitas Dec., EXHIBIT 2 at ¶8; Gaitas Dec., EXHIBIT 4 at ¶8.

15.     In their submissions in respect of the choice of law preliminary issue, Plaintiff defined the key issue as follows:

> Are Owners entitled to enforce their claims against Geden Holdings/Charterers under the Guarantee/Charterparty against the Rule B Sums, nominally belonging to the Advantage Respondents, held in the US District Court for the Eastern District of Texas? The question on this preliminary issue hearing is what substantive law governs the determination of the issue, US law as applied in the 5th Circuit or English law?

Gaitas Dec., EXHIBIT 2 at ¶10.

16.     The Advantage Defendants defined the preliminary choice of law issue as follows:

> The preliminary issue with which this hearing is concerned is: what law should be applied to determine whether the Advantage Respondents should be treated as Space Shipping Ltd for the purposes of the Charterparty dated 23 February 2010? The candidates are English law (as the Advantage Respondents contend) or US law, specifically the law of the US 5th circuit (as the Owners contend).

Gaitas Dec., EXHIBIT 4 at ¶16 (B) (amending EXHIBIT 2, ¶11).

17.     In the course of the October 4, 2019 arbitration hearing, the Advantage Defendants submitted at the Arbitration hearing that:

10)     The claim in this arbitration is not under Rule B but a claim under the Charterparty to the effect that the Advantage Respondents are liable for the debts under the Charterparty.

11)     The claim is not one of "remedy" or "enforcement" but a claim of substantive liability by the Advantage Respondents under or in connection with the Charterparty.

Gaitas Dec., EXHIBIT 3 at ¶30.

Moreover, as the Tribunal noted, the Advantage Defendants argued that: "…the Advantage Respondents' position was that while matters of remedy (damages, injunctive relief, declaratory relief etc.) fall within our jurisdiction, matters of enforcement do not." See, Gaitas Dec., EXHIBIT 3 at ¶52.

18.     The Tribunal noted Plaintiff's position in the same matter as follows:

In their oral reply, the Owners confirmed that the only claim that they were seeking to advance was to enforce their claims against Geden Holdings and Charterers under the Guarantee and Charterparty against the Rule B sums nominally belonging to the Respondents held in the US District Court for the Eastern District of Texas. Notwithstanding the apparent terms of paragraph 80 of the Claim Submissions, they confirmed that they were not pursuing a substantive claim under the Charterparty against the Advantage Respondents or contending that the Advantage Respondents were party to the Charterparty.

*Id.* at ¶54.

19.     The Tribunal summarized the position of the parties in respect of the jurisdiction of the Tribunal as follows:

They agreed that an arbitration Tribunal seated in England does not have jurisdiction over matters of enforcement and that it would be appropriate for the Tribunal to issue a declaration that they did not have jurisdiction over such proceedings. They also confirmed in their oral reply that they did not wish to rely on any alternative arguments before us.

> Both parties agreed that the arbitration clause itself is subject to English Law and therefore it is hardly surprising that both parties should agree that the Tribunal does not have jurisdiction over matters of enforcement as a matter of English Law, which was not a matter dealt with before the US Courts.

*Id.* at ¶¶ 55-56.

20.     Considering the submissions of the parties who were duly represented by solicitors and counsel of their choice, the Tribunal made a Final Award on November 22, 2019, ruling as follows:

> Whereas:
>
> 1)     The Owners have confirmed that they are not bringing any substantive claims against the Advantage Respondent under the Charterparty before us.
>
> 2)     The Owners have confirmed that their only claim against the Advantage Respondents or assets nominally belonging to them is to enforce any sums that may be awarded against Geden Holdings under the above Guarantee or against Charterers under the above Charterparty.
>
> 3)     It is common ground between the parties that enforcement proceedings fall outside our jurisdiction under the arbitration clause contained in the above Charterparty.
>
> WE DECLARE that we have no jurisdiction over the claims made by the Owners in this reference.

Gaitas Dec., EXHIBIT 2 at ¶¶ 14-15.

21.     The Award makes clear that the Supplemental Rule B "enforcement issues" arising from the proceedings before the United States District Court for the Eastern District of Texas do not fall within the purview of proceedings that an English arbitration tribunal appointed under the charter party arbitration clause may consider as it is not jurisdictionally competent to do so. Gaitas Dec., EXHIBIT 3 at ¶¶ 57-63.

## II.    <u>Argument</u>

22.    At the outset, Plaintiff notes that the Advantage Defendants, acting preemptively and prematurely, moved the Court for an order dismissing Plaintiff's action and requested the Court for an acquittal of the substitute security they were required to post in these proceedings. (Doc. 53).

23.    Plaintiff strongly opposed this motion as impermissibly brought without any foundation in fact, and altogether unsupported by law.  (Doc. 54 and Doc. 56).  To the extent that any of the argument raised by the parties in these earlier motions have any relevance and bearing on the issue of the confirmation of the arbitration award they are incorporated by reference.

i.    <u>*The Court is Bound Under Statute to Confirm and Enforce the Arbitration Award*</u>

24.    The Federal Arbitration Act provides:

9 U.S. Code §201 Enforcement of Convention

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June of June 10,1958, shall be enforced in United States courts in accordance with this chapter.

25.    Under §207, the same Act provides:

Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

26.    The grounds on which a court may refuse to recognize or enforce an arbitration award are set out in Article V of the New York Convention (the "Convention"), 21 U.S.T. 2517, which provides as follows:

Article V

1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:

(a) The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or

(b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or

(c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or

(d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

(e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:

(a) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or

(b) The recognition or enforcement of the award would be contrary to the public policy of that country.

New York Convention, 21 U.S.T. 2517, Article V.

27.     In making their application to the District Court to dismiss Plaintiff's Complaint, the Advantage Defendants raised various arguments why Plaintiff's entire cause should be dismissed. (Doc. 53 and Doc. 55).  However, in making their arguments, they did not raise any of the New York Convention grounds that might provide the Court with reasons to refuse the recognition and confirmation of the Arbitration Award, let alone any proof.

28.     Indeed, as Plaintiff noted in its opposition to the Advantage Defendants' motion to dismiss, they indirectly conceded that the Award should be recognized and enforced, since their entire Motion to Dismiss was predicated on the validity and enforceability of the Award. (Doc. 54 at ECF pp. 5-7).

29.     In an action to confirm an award rendered in a foreign jurisdiction, the grounds for relief set forth in Article V of the Convention are the only grounds available for refusing to enforce an arbitral award. The party opposing confirmation bears the burden of demonstrating grounds for setting aside the award. *Henry v. Murphy, M-82* (PART I JFK), 2002 U.S. Dist. LEXIS 227 at* 8 (S.D.N.Y. Jan. 8, 2002); *Continental Grain Co. v. Foremost farms*, 1998 U.S. Dist. LEXIS 3509 at * 4 (S.D.N.Y. Mar. 20, 1998); *Parsons & Whittemore Overseas Co. v. Societe Generale de L'Industrie du Papier (RAKTA)*, 508 F.2d 969, 973 (2d Cir. 1974).

30.     In the case at hand, the Advantage Defendants are unable to demonstrate any grounds for the non-enforcement of the Award.  The Award itself, the Tribunal's Reasons, and the Supplementary Award provide an unassailable record that negates any challenge that the said Defendants might raise under the New York Convention.  Thus, under Article V (1)(a) of the Convention, the Advantage Defendants, who were represented by able Queen's Counsel and qualified solicitors, and appointed Mr. Mark Hamsher as their arbitrator as recorded throughout the Award, the Reasons, and the Supplementary Award, could not seriously argue that they

operated under some sort of incapacity under English law that governed the proceedings of the Tribunal. Gaitas Dec., EXHIBIT 3 at ¶56.

31.    Under Article V (1)(b) of the Convention, an argument that the Advantage Defendants were not given proper notice would be frivolous, at best, considering their representation and participation in the proceedings with the assistance of capable legal professionals.

32.    Under Article V (1)(c)  of the Convention, the Advantage Defendants could not even hope to provide any proof that the award dealt with "a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration." As the Advantage Defendants have demonstrated with their ill-considered motion to dismiss (Doc. 53), their core grievance is that the Tribunal decided it did not have jurisdiction to deal with enforcement issues concerning the enforcement of the substitute security.  If Defendants were to embark on such a quest, the record of the arbitration proceedings before the Tribunal as reflected in Gaitas Dec. EXHIBITS 2 through 4 would debar them from raising such an argument.  This is so because it was the Advantage Defendants themselves who argued and proposed that the Tribunal was not vested with jurisdiction in this regard.  The Tribunal noted this in making its Award and providing its reasons: "It is common ground between the parties that enforcement proceedings fall outside our jurisdiction under the arbitration clause contained in the above Charterparty." (Gaitas Dec., EXHIBIT 2, ¶14(13));  "It is unusual that the hearing of a preliminary issue as to the applicable law of a dispute should end with both parties agreeing that the Tribunal issue a declaration that the Tribunal has no jurisdiction over the Claimant's claims in the reference, although they did not agree the wording of the declaration"  (Gaitas Dec., EXHIBIT 3 ¶1);  "As set out above, the Advantage Respondents'

position was that while matters of remedy (damages , injunctive relief, declaratory relief, etc.) fall within our jurisdiction, matters of enforcement do not."  (*Id.* ¶52); "Both parties agreed that the arbitration clause itself is subject to English Law and therefore it is hardly surprising that both parties should agree that the Tribunal does not have jurisdiction over matters of enforcement as a matter of English Law, which was not a matter dealt with before the US Courts." (*Id.* ¶56);  "It is common ground between the parties that enforcement proceedings fall outside our jurisdiction under the arbitration clause contained in the Charterparty." (*Id.* ¶65(3)).

33.     Under Article V(1)(d) of the Convention, there would be no tenable grounds to challenge the composition of the Tribunal as recited in ¶¶7-9 of the Award (Gaitas Dec., EXHIBIT 2).  The parties freely submitted the issues for consideration by the Tribunal and there is no record of any objections in this regard.

34.     Under Article V (1)(e) of the Convention, there are no grounds available for objections to the Award, which has become final and non-appealable by reason of the passage of time as Plaintiff has noted in Doc. 25 at ECF p.4 and p 8.

35.     Under Article V(2)(a) of the Convention, Defendants could not take the position that the subject matter of the dispute is not capable of resolution by arbitration, because they have asserted the contrary in their moving papers in this case, viz.

> Although Plaintiff complains in its Objection that the Court must determine what issues are arbitrable, the Report & Recommendation correctly recognizes that the entirety of Plaintiff's claims are arbitrable, by recommending that the Court direct the parties to arbitrate their dispute in London, pursuant to the charter party and Section 206 of the FAA. By so recommending, Magistrate Hawthorn in fact determined that all issues between the parties are arbitrable, because they are issues arising out of or in connection with the agreement that contains the arbitration clause. (internal quotations omitted).

*See,* Doc. 39 at pp. 5 – 6.

36.     Finally, the Advantage Defendants could not raise the facially untenable argument that the enforcement of the arbitration award would be contrary to public policy under Article V(2)(b) of the Convention.  "Under U.S. law, federal courts vigorously enforce 'a liberal federal policy favoring arbitration agreements,' *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 24, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983), as an alternative to the costly and timely process of litigation."   *Nissho Iwai Corp. v. M/V Joy Sea*, 2002 U.S. Dist. LEXIS 877 at * 11 (E.D. La. Jan. 7, 2002).

37.     Though Plaintiff has considered in the foregoing, for argument's sake, possible grounds on which a court may deny the confirmation of a foreign arbitration award, the strongest argument for its enforcement in this case at hand are the contents of the Award, the Tribunal's Reasons, and the Supplementary Award. *See,* Gaitas Dec., EXHIBITS 2, 3 and 4.

38.     The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc*., 126 F.3d 15, 23 (2d Cir. 1997); *Ministry of Defense & Support v. Cubic Defense Systems*, 665 F.3d 1091, 1094 (9th Cir. 2011) at fn. 1.  It follows, that an order of confirmation of the Award here, would be tantamount to a judgment of this Court stating that the issues of enforceability of the judgment against the property which was attached and then released against substitute security, are matters over which the Tribunal is without jurisdiction to decide.

39.     Plaintiff has submitted with the filing of this application to confirm the arbitration award the documents that Article IV of the Convention requires, namely: (a) The duly authenticated original award or a duly certified copy thereof; (b) The original agreement referred to in article II or a duly certified copy thereof.  *See,* 21 U.S.T. 2517.

40.     These documents are appended to the Attorney Declaration of George A. Gaitas authenticating same.  They are regular and indisputable on their face and their contents are self-explanatory.  Without proof of the any of the Convention's seven grounds for denial of confirmation of the arbitration award, the Court should summarily confirm it.

41.     The London Arbitration tribunal having made a final finding that it has no jurisdiction to hear the claims made by Plaintiff, Plaintiff hereby respectfully requests the Court: for an Order confirming the Arbitration Award (Gaitas Dec., Exhibit 1) under 9 U.S. Code § 207 and the provisions of the New York Convention.

ii.     *Request for Scheduling / Status Conference*

42.     The Final Arbitration Award in this case has resulted in creating uncertainty as to what is to be done next.  The Advantage Defendants have asked the Court to dismiss the entire proceeding (Doc. 53), which Plaintiff has strongly opposed. *See*, Doc. 54 and Doc. 56.

43.     In circumstances such as these or similar to these courts of the United States sitting in admiralty that have had occasion to deal with such issues have taken one of two available approaches.  The first approach is suggested in the decision of Judge Berrigan in the case of *Nissho Iwai Corp. v. M/V Joy Sea*, 2002 U.S. Dist. LEXIS 877 (E.D. La. Jan. 7, 2002).  That case dealt with the decision of a sole arbitrator – the same Mr. Mark Hamsher who sat as arbitrator in this case - that the arbitral tribunal did not have jurisdiction.  The United States District Court for the Eastern District of Louisiana in *Nissho Iwai Corp.* reinstated the case it had stayed pending arbitration in the docket for adjudication of the issues it had referred to arbitration.  This case, discussed in Plaintiff's briefing (Doc. 54 at ECF pp. 13-15), is "on all fours" with the case at hand.  The second approach is suggested by a line of Supplemental Rule B cases to which Plaintiff has also referred to in its earlier briefing (Doc. 38, ECF p. 7) in the cases of *Limonium Maritime, S.A.*

13

*v. Mizushima Marinera, S.A.*, 961 F. Supp. 600, 610 (S.D.N.Y. 1997); *British Marine PLC v. Aavanti Shipping & Chartering Ltd.,* 2014 U.S. Dist. LEXIS 76390, *16 (E.D. N.Y. 2014); *Budisukma Permai SDN BHD v. N.M.K. Prods.*, 606 F. Supp. 2d 391, 398 at fn. 4 (S.D.N.Y.2008). This approach is simply for the court to retain jurisdiction over the issues that need to be adjudicated, but stay its adjudication, pending the conclusion of the arbitration of the underlying claims.  These claims, in the case at hand, are in London arbitration and eventually they will be resolved.  If they are resolved in favor of Plaintiff, then the Court could proceed to adjudicate the claims against the Advantage Defendants. If they are resolved against Plaintiff, the proceedings in this case will be terminated.

44.     It is respectfully submitted that these matters, and the uncertainties they generate should be taken up at a scheduling /status conference.

### III.     Conclusion

45.     For the foregoing Plaintiff respectfully prays that the Court make an Order confirming the Final Arbitration Award herewith submitted,  reinstating the case on the Court's docket, and a further order directing the parties to a scheduling / status conference to decide how this case will further proceed.

Dated: March 6, 2020                    Respectfully submitted,
       Houston, Texas

                                    GAITAS & CHALOS, P.C.

                 By:     /s/George A. Gaitas
                      George A. Gaitas
                      State Bar No. 24058885
                      Federal Bar No. 705176
                      Jonathan M. Chalos
                      State Bar No. 24097482
                      Federal Bar No. 3008683
                      1908 N. Memorial Way
                      Houston, Texas 77007
                      Telephone: 281-501-1800

Fax: 832-962-8178
E-mail: gaitas@gkclaw.com
        chalos@gkclaw.com

*Attorneys for Plaintiff*
Psara Energy, Ltd.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2020, I electronically filed the foregoing Motion with

the Clerk of the Court using the cm/ECF system, which will send notification of such filing to

all attorneys of record at their email addresses on file with the Court.


/s/George A. Gaitas
George A. Gaitas


## **CERTIFICATE OF CONFERENCE**

I certify that on March 6, 2020, the parties met and conferred pursuant to Local Rule CV-7(h). This Motion is OPPOSED.


/s/Jonathan M. Chalos
Jonathan M. Chalos